**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0004-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ROCCO MALDONADO,

     Defendant-Appellant.

_____

Submitted November 8, 2023 – Decided December 27, 2023

Before Judges Sumners and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 10-07-1246.

Rocco Maldonado, appellant pro se.

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, on the brief).

PER CURIAM

Defendant, convicted on multiple robbery and weapons charges, appeals from the trial court's denial of his motion for a new trial.  For the reasons that follow, we affirm.

I.

After a trial in 2011, defendant was convicted of two counts of first-degree robbery, N.J.S.A. 2C:15-1, second-degree burglary, N.J.S.A. 2C:18-2, and two fourth-degree weapons charges for possession of a stun gun and an imitation firearm.  The trial court imposed an aggregate prison term of forty years, with an eighty-five percent period of parole ineligibility, pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.  On direct appeal, we affirmed the conviction and sentence.  State v. Maldonado, No. A-4047-11 (App. Div. Jan. 15, 2015) (Maldonado I).

Defendant filed a petition for post-conviction relief (PCR) in 2015, alleging he had accepted a plea offer which the State improperly withdrew.  The first PCR court denied the application without an evidentiary hearing, and we affirmed on appeal.  State v. Maldonado, No. A-2368-16 (App. Div. Mar. 22, 2018) (Maldonado II).  After the federal district court denied defendant's writ of habeas corpus making the same claim, defendant filed a second PCR petition.  We recount the next stage of the procedural history as set forth in State v.

A-0004-22

Maldonado, No. A-2175-19 (App. Div. May 19, 2021) (Maldonado III) (slip op. at 3):

> On July 19, 2019, defendant pro se filed his second petition for PCR, this time alleging trial counsel was ineffective in advising him of the essential elements of first-degree robbery; he believed he could not be convicted of first-degree robbery because "nothing was taken from the home" during the home invasion. Defendant claims, in reliance on this alleged improper advice, [that] he chose to go to trial rather than accept a lesser sentence through a plea. The PCR court issued an order requiring defendant to show cause as to why his second PCR petition was timely. After receiving defendant's response, the PCR court denied defendant's second petition in a December 2, 2019 order because defendant failed to file his second petition within one year of the denial of his first petition. See R. 3:22-4(b); R. 3:22-12(a)(2).

We affirmed on appeal.

On May 4, 2022, defendant filed a motion for a new trial, alleging newly discovered evidence warranted relief. Defendant contended that he recently discovered that his trial counsel was the Asbury Park, Monmouth County municipal prosecutor while he simultaneously represented defendant on his Ocean County criminal charges. He also argues that trial counsel was ineffective when he advised defendant he would not be convicted of first-degree robbery, and he would at most be found guilty of theft.

3

A-0004-22

The motion court rejected defendant's arguments and made written findings. It found no conflict of interest, "because [trial counsel's] representation of the State at the municipal level in Monmouth County was not directly adverse to [defendant's Ocean County matter]," and there was "no indication . . . [of a] significant risk that the representation of the State at the municipal level in another county materially limited [trial counsel's] responsibilities to the defendant." The motion court concluded trial counsel had no duty to obtain defendant's informed consent. The motion court also found trial counsel's service as municipal prosecutor in a different county did not constitute "newly discovered evidence." The court found trial counsel's position as municipal prosecutor was a matter of public record and could have been discovered by defendant's due diligence beforehand. The motion court rejected defendant's argument that trial counsel was ineffective because he should have known defendant was likely to be convicted on his robbery charges, finding the arguments "conclusory."

Defendant appeals, arguing:

POINT ONE

> The Trial Court Erred In Denying Defendant's Motion For New Trial Based On Newly Discovered Evidence Without An Evidentiary Hearing As There Is No Evidence On Record To Establish That Defendant

4

Waived His Right To Conflict Free Representation By Defense Counsel Warranting Reversal Of Defendant's Convictions [and] Sentence And Remand For New Trial

POINT TWO

Defense Counsel's Failure To Render Effective Assistance Resulted In Prejudice And Injury Toward Petitioner Because There Is A Reasonable Probability Defendant Would Have Accepted By The Trial Court And Defendant Would Not Have Been Exposed To An Extended Term Conviction

II.

"[A] motion for a new trial is addressed to the sound discretion of the trial judge, and the exercise of that discretion will not be interfered with on appeal unless a clear abuse [of discretion] has been shown." State v. Armour, 446 N.J. 295 (App. Div. 2016) (first alteration in original) (quoting State v. Russo, 333 N.J. Super. 119, 137 (App. Div. 2000)). "A trial court's ruling on a motion for a new trial 'shall not be reversed unless it clearly appears that there was a miscarriage of justice under the law.'" Id. at 305 (quoting R. 2:10-1).

Rule 3:20-1 states: "The trial judge on defendant's motion may grant the defendant a new trial if required in the interest of justice." "[P]ursuant to Rule 3:20-1, the trial judge shall not set aside a jury verdict unless 'it clearly and

convincingly appears that there was a manifest denial of justice under the law.'" Armour, 446 N.J. Super. at 305-06.

The Supreme Court has stated:

> [T]o qualify as newly discovered evidence entitling a party to a new trial, the new evidence must be (1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted.
>
> [State v. Fortin, 464 N.J. Super. 193, 216 (App. Div. 2020) (quoting State v. Carter, 85 N.J. 300, 314 (1981)).]

"All three [prongs of the] test[] must be met before the evidence can be said to justify a new trial." Ibid. (quoting Carter, 85 N.J. at 314). "The defendant has the burden to establish each prong is met." Ibid. (quoting State v. Smith, 29 N.J. 561, 573 (1959)).

## III.

Defendant's first point on appeal falls flat as the record contains sufficient factual support for the motion court's findings. The court correctly determined there was no conflict of interest. While that ended the substantive inquiry, the court went on to note that trial counsel's status could have been discovered by defendant's reasonable diligence before he pleaded guilty. The motion court

6

properly exercised its discretion, and we see no need to disturb its order denying a new trial.

We briefly comment on defendant's second point on appeal, alleging ineffectiveness of counsel. Defendant's argument is framed as part of the new trial motion appeal, and the court rejected the argument as improperly included in the new trial motion. Nevertheless, we analyze the second point as defendant's third motion for post-conviction relief.

Rule 3:22-4(b) places strict limitations on second and subsequent petitions for PCR. It compels dismissal of a subsequent PCR petition unless the defendant's claim is: (1) brought within the applicable time period; and (2) falls within one of three grounds for relief. See R. 3:22-4(b).

Rule 3:22-4(b)(1) requires second and subsequent PCR petitions to be timely filed under Rule 3:22-12(a)(2), which instructs that petitions cannot be filed beyond one year after the latest of:

> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or
>
> (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could

7

not have been discovered earlier through the exercise of reasonable diligence; or

(C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.

The one-year limitation for second or subsequent petitions cannot be relaxed. R. 3:22-12(b); see also R. 1:3-4(c) (prohibiting the court and parties from enlarging the time to file a petition for PCR under Rule 3:22-12). Regarding the allowable grounds for relief, Rule 3:22-4(b)(1) requires that a second or subsequent petition for PCR allege either:

(A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or

(B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

(C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.

8

When we apply these rules, we simple conclude that defendant's third PCR petition is time-barred. Defendant fails to satisfy the first requirement of Rule 3:22-4(b)(1)—the time limitation set forth in Rule 3:22-12(a)(2). Defendant did not claim a new constitutional right, so his petition cannot be considered timely under Rule 3:22-12(a)(2)(A). Next, defendant's petition is untimely under Rule 3:22-12(a)(2)(B) as the factual predicate of his claims, that he received improper advice about not taking the plea offer, was known to him more than a year before he filed this third petition. Finally, defendant's petition is not timely under Rule 3:22-12(a)(2)(C) because his petition was beyond the one-year time requirement.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0004-22